**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIAS HUESO-VIZCANIO,<br><br>     Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | CV F 05 - 1249 AWI<br>(CR F 03-5133 AWI)<br><br>ORDER DENYING PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C., SECTION 2255<br><br>(28 U.S.C. § 2255) |

**INTRODUCTION**

In this case, petitioner Elias Hueso-Vizcanio ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 87 months that was imposed by this court on September 7, 2004, following Petitioner's entry of a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C., sections 846 and 841(a)(1).

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was convicted by a plea of guilty on May 10, 2004, to one count of conspiracy to distribute and possess with intent to distribute cocaine. A second count charging possession of cocaine with intent to distribute was dropped pursuant to the negotiated plea agreement. In the plea agreement, Petitioner waived rights to appeal and to collaterally attack his sentence or conviction pursuant to 28 U.S.C. §§ 2255 or 2241. In the plea agreement, petitioner admitted

---
[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

possession of "approximately seventeen (17) kilograms of cocaine."  Plea agreement at 7:17.

A Presentence Investigation Report ("PIR") was prepared by Probation Department. Pursuant to §2D1.1 of the United States Sentencing Guidelines Manual, a base offense level of 34 was assigned based on a drug weight of greater than 15, but less than 50 kilograms of cocaine. The PIR adjusted the base offense level downward to 31 based on acceptance of responsibility. The PIR suggested a total term of imprisonment of 108 to 135 months based on a total offense level of 31 and a criminal history category of I.  At sentencing, the court applied a further 2-level "safety valve" reduction to reach the imposed sentence of 87 months.  Petitioner was sentenced on September 7, 2004.  Judgment was entered on September 13, 2004.  The instant motion to vacate, correct or set aside the sentence was filed on October 3, 2005.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

# DISCUSSION

## I. Petitioner's Motion is Time-Barred

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, motions for habeas relief pursuant to 28 U.S.C. § 2255 must be filed within a one year period that commences to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255 (1)-(4).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies.  In this case, Petitioner alleges no government-created impediment to bringing a section 2255 petition, therefore no discussion is necessary as to the second of the possible starting points. The third triggering event is not applicable because Petitioner does not assert a newly recognized right that has been made retroactive to cases on collateral review.  Likewise, there is no claim of facts supporting the petition that could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply.  Thus, the first triggering date, the date on which Petitioner's judgment became final, is the date that commenced the running of the statute of limitations for section 2255 purposes.

Judgement against Petitioner was entered on September 13, 2004.  That judgment became final the day following the last day on which notice of appeal could have been filed.  In a criminal case, a notice of appeal must be filed within 10 days of the court's entry of judgment. Fed. R. App. Proc. 4(b)(1)(A).  Therefore Petitioner's judgment became final at the latest on September 24, 2004, and the one-year statute of limitations imposed by the AEDPA began to run on that date.  Petitioner's motion for habeas relief was filed on October 3, 2005; approximately

10 days past the expiration of the statute of limitations.  Because Petitioner's motion was not timely filed, the court lacks jurisdiction to consider his motion.

**II.  Petitioner's Claim Lacks Merit**

Even if Petitioner's motion had been timely filed, the claim for habeas relief set forth therein could not be granted because it lacks merit.  In presenting the following discussion, the court does not in any way discount its conclusion that Petitioner's motion is time-barred.  The following discussion is set forth solely for Petitioner's information.

Petitioner's plea agreement waives the right to appeal or collaterally attack his sentence. Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements.  See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  Where, as here, the basis for the motion for habeas relief is ineffective assistance of counsel, the court examines those aspects of the counsel's performance that are complained of to determine if the counsel's performance was constitutionally deficient and, if so, whether there was prejudice to the petitioner as a result.  United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Id.  "A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law."  Lowery v. Lewis,

21 F.3d 344346 (9th Cir. 1994).

    The crux of Petitioner's allegations with regard to his attorney's performance is that his attorney failed to challenge the amount of cocaine that formed the basis for the calculation of the offense level used to calculate his sentence.  Petitioner contends that, based on the chemical analysis report appended to his motion, he should have been charged with possession of approximately 12.5 kilograms of cocaine; the amount of pure drug based on the laboratory analysis.  While Petitioner miscalculates the amount of pure drug attributed to him because he did not add in the amounts from exhibit 2, Petitioner is correct in that the total amount of pure cocain from both exhibits 1 and 2 totals less than the 15 kilogram cut-off between a base offense level of 34 and a base offense level of 32.

    Petitioner's argument fails simply because it is not the amount of pure cocaine that is used to establish the base offense level.  Pursuant to §2D1.1 n.(A) of the Sentencing Guidelines Manual:

> Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance.  If a mixture contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level.

    The Chemical Analysis report attached to Petitioner's motion clearly sets forth the net dry weight of the mixtures containing cocaine that were attributed to Petitioner.  In total, the two exhibits report a total amount of approximately 17.28 kilograms of mixtures containing detectable amounts of cocaine.  That amount is sufficient to justify the base offense level attributed to Petitioner.

    For the reasons set forth above, Petitioner's motion to vacate, correct or set aside his sentence is DENIED.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:   December 1, 2008**           **/s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE